

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-8-2004

# Weng v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2918

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Weng v. Atty Gen USA" (2004). *2004 Decisions.* Paper 94.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/94

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2918
_____

ZHEN LIANG WENG,

Petitioner

v.

JOHN ASHCROFT,
ATTORNEY GENERAL OF THE UNITED STATES

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A77-309-155)
_____

Submitted Under Third Circuit LAR 34.1(a)
December 7, 2004

Before: RENDELL and FISHER, *Circuit Judges*, and YOHN,[*] *District Judge*.

(Filed December 8, 2004)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

---

[*]The Honorable William H. Yohn, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Zhen Liang Weng, a native and citizen of the People's Republic of China, was smuggled into the United States in 2000 for a large sum paid by Weng's family who borrowed the money from, and still owe, family members and "loan sharks." Weng was granted withholding of removal under the Convention Against Torture by an Immigration Judge in September 2001. In a decision issued June 10, 2003, the Board of Immigration Appeals ("Board") vacated the withholding, ordering Weng removed. We now deny Weng's petition for review.

This Court must sustain the Board's decision if supported by substantial evidence in the record. *Nen Ying Chen v. Ashcroft*, 368 F.3d 347, 350 (3d Cir. 2004). Weng sought protection based on a fear that he would more likely than not be tortured if removed to China. Specifically, he feared detention and torture by authorities in relation to his illegal departure as well as torture inflicted at the behest of or by creditors of his family with the acquiescence of authorities. The Board concluded that while Weng was likely to be imprisoned for his illegal departure, he had not shown it was more likely than not he would be tortured in conjunction therewith. We agree. While the Board specifically referred only to torture employed in the extraction of confessions, we are satisfied that the Board reviewed all of the evidence of record and concluded, as do we, that the record does not show that this individual is more likely than not to be tortured for reasons other than the extraction of confessions. Additionally, while we appreciate the description of the "snakehead" operation found in *Chen v. Ashcroft*, 289 F.3d 1113 (9th

2

Cir. 2002), decision vacated, 314 F.3d 995 (9th Cir. 2002), we agree with the Board that, on this record, it is speculative to conclude that Weng would likely be tortured at the behest of or by creditors to force repayment of the debt related to the smuggling.

Accordingly, the petition for review will be DENIED.

_____